**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3057-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AMOBI NWAKANMA, a/k/a
AMOBI G. NWAKANMA,[1]

    Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided February 12, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 02-07-0831.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

---

[1] Defendant is referenced in the record also as Amobi Gerald Nwakanma.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Amobi Nwakanma appeals from the Law Division's October 24, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing and the April 11, 2023 order denying reconsideration. Based on our thorough review of the record and prevailing law, we affirm.

I.

We discern the salient facts from the record. Defendant is a Nigerian citizen who was admitted into the United States in 1999 to attend college in Texas through a nonimmigrant F-1 college student visa. On December 18, 2001, defendant was convicted of shoplifting, N.J.S.A. 2C:20-11(b)(1), in the North Plainfield municipal court.

A Middlesex County grand jury indicted defendant for second-degree eluding, N.J.S.A. 2C:29-2(b), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2), stemming from a March 29, 2002 incident where defendant fled from police resulting in a foot and vehicular pursuit. In December 2002, defendant pleaded guilty to resisting arrest in exchange for a probationary sentence and the dismissal of the eluding charge. A circle was placed around the "N/A" in response to question seventeen on the plea form, which asked,

2

"[d]o you understand that if you are not a United States citizen or national, you may be deported by virtue of your [guilty plea]?" During the plea colloquy, defendant stated he knew he was being pursued by police officers and he admitted resisting arrest by "trying to get away from [the officers]."

In February 2003, defendant was sentenced to four years of probation and ninety-one days in jail, entered as time served, and the requisite fines were imposed. Defendant did not file a direct appeal or move to withdraw his guilty plea prior to sentencing. In March 2005, defendant's probation was terminated, and he was sentenced to forty-five days in jail for a violation of probation (VOP), after he submitted a positive urine screen and failed to report for probation and substance abuse treatment as required.

In July 2010, defendant was detained by United States Immigration and Customs Enforcement (ICE) which alleged he was removable under the Immigration and Nationality Act, 8 U.S.C. §§ 1104-1401, for overstaying his student visa in addition to the 2001 shoplifting and 2002 resisting arrest convictions.

In October, defendant filed a motion to vacate the guilty plea, along with his first PCR petition, alleging the court and his counsel never advised him that pleading guilty to resisting arrest would lead to mandatory deportation. Defendant then filed a certification in support of his PCR petition, asserting

had he been advised that he would be deported for pleading guilty to resisting arrest, he would have elected to go to trial. On March 30, defendant filed an amended verified petition for PCR asserting no one advised him he could also be deported for pleading guilty to the VOP, "stating that [plea] counsel told [him] nothing about deportation [other] than [he] might be deported." (emphasis added). Defendant also asserted in this petition that he "previously pled guilty to shoplifting charge in municipal court [and] [a]t the time [he] was not advised that a conviction for that offense would in any way effect [his] status in the United States." In April 2011, defendant's PCR application seeking to vacate the 2001 shoplifting conviction was granted.

Months later an immigration judge ordered the defendant deported because defendant was admitted to the United States as a "nonimmigrant student" in 1999 "to attend the University of Texas in Arlington" but had not carried a full course of study since 2005 and based on the vacated shoplifting conviction. In July, 2011, ICE released defendant from custody on an order of supervision.

On March 19, 2012, counsel wrote to defendant urging him to seek "advice from an immigration lawyer as to the necessity of pursuing the PCR." Defendant did not respond. About two months later, defendant's counsel filed a motion to withdraw his PCR petition relating to the resisting arrest

4                                                                    A-3057-22

conviction, asserting it was best for defendant to take no further action pending the ruling in State v. Gaitan, 209 N.J. 339 (2012) (holding the United State Supreme Court's ruling that defense counsel must advise clients of immigration consequences of pleading guilty was not to be applied retroactively). Counsel stated since it "appear[ed] that [defendant] no longer face[d] removal, it would appear his PCR [petition] is moot." On June 7, 2012, the court signed an order granting defendant's motion, and the petition was deemed withdrawn without prejudice.

Nine years later, defendant filed another PCR petition alleging ineffective assistance of counsel based on the purported failure to inform him of the immigration consequences of pleading guilty to resisting arrest and to the VOP.

Another year later, defendant filed an amended PCR petition and a separate motion to vacate his guilty plea, asserting his conviction for resisting arrest and for the VOP were the only impediments to him becoming a lawful permanent resident (LPR). Defendant asserted excusable neglect for his late PCR filing arguing there was a delay because he did not know during sentencing he had five years to file for PCR; he did not learn of immigration penalties until ICE detained him over five years after sentencing; he only "agreed" with his original PCR counsel to withdraw his prior petition because

of the Gaitan holding and the conclusion of the removal proceedings against him and he had just learned his guilty plea related to the eluding and resisting charges also barred him from becoming an LPR.

Defendant alleged he told his plea counsel that he was a non-citizen, and his record included the prior shoplifting conviction, but counsel informed him that question seventeen on the plea form "did not apply to [him]," counsel "circled the answers on [his] behalf," and "told [him] to sign" so that "[he] would get out of jail." Counsel also told him "pleading guilty . . . would not trigger any additional immigration consequences." Defendant further asserts his plea was not knowing and intelligent since he "learned that [he] was innocent of the charge," but plea counsel had never discussed defenses or provided him with discovery.

The PCR judge issued an order and written opinion denying defendant's PCR petition, first addressing the time bar, stating:

> [Defendant] asserts that he was not advised of the time period to file for PCR [nor] . . . familiar with the rules . . . . [Defendant] has cited no authority that supports the proposition that the failure to advise [him] of the five-year PCR filing time constitutes excusable neglect. It should be noted that [he] filed two applications and had been assigned counsel when the first PCR application was withdrawn. After the withdrawal of his first, there [was] . . . a nine-year gap before filing his second PCR. [His] certification[s] in support [of both] of his PCR [petitions] . . . do not

6

specify any allegations of excusable neglect for the delay in filing [either] . . . and certainly do[] not satisfy the exceptional circumstances required by [State v. Mitchell, 126 N.J. 565, 579 (1992).] This PCR is, therefore, time-barred.

The PCR court went on to consider the substance of defendant's claims, denying defendant's motion to vacate the guilty plea under State v. Slater, 198 N.J. 145, 157-58 (2009) and finding defendant did not set forth a prima facie case of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984) and State v. Fritz, 105 N.J. 42 (1987). On April 11, 2023, the PCR judge issued a written opinion and order denying reconsideration.

Defendant now appeals the denial of his PCR petition and reconsideration motion.

II.

Defendant raises the following points on appeal:

POINT I

THE TIME BAR OF [RULE] 3:22-12 SHOULD NOT HAVE BEEN APPLIED TO DEFENDANT'S PETITION FOR [PCR] BECAUSE DEFENDANT WAS NEVER INFORMED OF HIS RIGHT TO FILE A PETITION FOR [PCR] AND HE DID NOT KNOW HIS GUILTY PLEA IN THIS CASE WOULD RESULT IN HIM FACING MANDATORY DEPORTATION.

7

POINT II

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE ESTABLISHED THAT PLEA COUNSEL FALSELY TOLD HIM THAT THE IMMIGRATION LAWS WERE INAPPLICABLE TO HIS GUILTY PLEA.

POINT III

THE FALLACIOUS ADVICE PLEA COUNSEL GAVE TO DEFENDANT, THAT THERE WERE NO IMMIGRATION CONSEQUENCES TO DEFENDANT'S GUILTY PLEA, COMBINED WITH THE FAILURE OF VOP COUNSEL TO ADDRESS THE ISSUE AT ALL, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

We address defendant's arguments, in turn.

III.

Based on our de novo review, State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), we discern no error with the PCR court's conclusion that defendant's PCR petition was procedurally barred by Rule 3:22-12, finding he failed to demonstrate excusable neglect in re-filing his PCR petition nine years after voluntarily withdrawing the already time-barred petition.

As to first PCR petitions, Rule 3:22-12(a)(1) provides:

> [N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:
>
>> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice; or
>>
>> (B) it alleges a claim for relief as set forth in paragraph (a)(2)(A) or paragraph (a)(2)(B) of this rule and is filed within the one-year period set forth in paragraph (a)(2) of this rule.

Rule 3:22-12(a)(2)(B) allows a defendant to file a subsequent PCR, but only if it is filed within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." See State v. Brewster, 429 N.J. Super. 387, 398 n.3 (App. Div. 2013) (quoting R. 3:22-12(a)(2)(B)).

"A court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice demand it.'" State v. Goodwin, 173 N.J. 583, 594

(2002) (quoting Mitchell, 126 N.J. at 576). A court should do so only "under exceptional circumstances." State v. Afanador, 151 N.J. 41, 52 (1997). "The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Therefore, "[t]o determine whether a defendant has asserted a sufficient basis for relaxing the [Rule 3:22-12's] time restraints, [the court] 'should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits.'" Ibid. (quoting Afanador, 151 N.J. at 52).

These time-bar limitations are important because they "encourage[] those believing they have grounds for [PCR] to bring their claims swiftly, and discourage[] them from sitting on their rights until it is too late for a court to render justice." State v. McQuaid, 147 N.J. 464, 485 (1997) (quoting Mitchell, 126 N.J. at 575-76). If the PCR petition was filed more than five years after the entry of the judgment of conviction, the PCR judge must exercise their "independent, non-delegable duty to question the timeliness of the petition," and require the defendant to "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions." State v. Brown, 455 N.J.

10

Super. 460, 470 (App. Div. 2018). Without doing so "the court does not have the authority to review the merits of the claim." Ibid.

Assertions that a defendant is ignorant of the law, see State v. Murray, 162 N.J. 240, 246 (2000), or is "intentionally ignorant of . . . legal consequences," Brown, 455 N.J. Super. at 470-71 (holding so where defendant was aware of possible immigration consequences during plea hearing), do not constitute excusable neglect under Rule 3:22-12(a). Further, a "[d]efendant cannot assert excusable neglect simply [due to] receiv[ing] inaccurate deportation advice from . . . defense counsel . . . ." Brewster, 429 N.J. Super. at 400 (citation omitted).

Defendant argues he was not informed of immigration consequences prior to his plea allocution for resisting arrest and, due to plea counsel's misadvice, "he only learned that he faced [a risk of] deportation after being served with removal papers on July 8, 2010." Although the State counters defendant was aware of possible immigration consequences when he signed the plea form on December 16, 2002, it posits defendant's PCR petition is untimely even using defendant's proffered July 2010 date.

Since defendant was sentenced on February 10, 2003, his first filing was over thirteen years beyond the five-year bar in Rule 3:22-12(a)(1) and far exceeds the one-year deadline in Rule 3:22-12(b)(2)(B). See also Brewster,

11

429 N.J. Super. at 398. Defendant's PCR petition is also time-barred even if we view the 2010 filing as the accrual date since there is no excusable neglect constituting exceptional circumstances. When defendant initially filed his petition in 2010, he was aware both of his right to file a PCR petition and that his 2002 guilty plea carried immigration consequences since his self-stated purpose for filing the PCR petition was to avoid deportation. Nonetheless, ignorance of the law does not constitute excusable neglect for purposes of applying the exception in Rule 3:22-12(a)(1)(A). See Murray, 162 N.J. at 246.

Defendant also cannot satisfy the second prerequisite of the exception, a reasonable likelihood that enforcement of the time bar would result in a fundamental injustice. The record indicates defendant at least briefly discussed the possibility of deportation with his plea counsel and concluded the plea deal was favorable to him.

The "interests of justice" also does not warrant relaxation of the time bar. See Goodwin, 173 N.J. at 594 (quoting Mitchell, 126 N.J. at 576). The 2021 PCR petition was filed thirteen years beyond the five-year bar and nine years after the 2010 PCR petition was voluntarily withdrawn in 2012, with the delay being attributable only to defendant. Since the delay prejudiced the State due to loss of evidence and memory erosion of relevant witnesses, McQuaid 147 N.J. at 485, achieving "justice" by allowing PCR would be

12

"more an illusory temptation than a plausibly attainable goal." Ibid.

As defendant did not demonstrate "exceptional circumstances" to justify relaxation of the time bars, we discern no error with the PCR court's denial of the 2021 PCR petition as procedurally barred, Afanador, 151 N.J. at 52, and conclude denial of defendant's motion for reconsideration was not an abuse of discretion. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015).

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3057-22